Good morning, we are ready for our next case, which is case number 415-0830, the people of the state of Illinois v. Darius Bowens. And for the appellant, we have Mr. Jordan, is that correct? And for the appellee, Mr. Majors? You may proceed, counsel. May it please the court, my name is Jason Jordan from the Appellant Defender's Office, and I represent Darius Bowens. Good morning, your honors. Good morning, counsel. Here, the trial judge allowed her husband to serve on a three-day jury trial. This case boils down to whether this appearance of impropriety is per se reversible. There are many potential problems that could arise. One I want to focus on here is the potential it could have on the other jurors. Counsel, will I ask you a question before you get too deep into your argument? Wasn't this issue decided on direct appeal? This question was actually not addressed, if I could turn to this court's opinion and quote it, if I may. On direct appeal, this court said, quote, on this record, we declined to address whether jury service by a trial judge's spouse in a case in which, one, that judge presides, and two, defendant has not acquiesced in that service, might constitute per se reversible trial error. Isn't that the facts of this case? Wasn't the court saying on this record, because there were correctory challenges available? Right. But now we have, Your Honor, new facts from the evidentiary hearing so that we know why Mr. Connell did not use a peremptory, that he made a mistake of law. So based on the record now before this court, after the evidentiary hearing, this court should decide whether... What was the mistake of law he made? The mistake of law he made was misunderstanding the waiver doctrine, Your Honor. Furthermore... Can you explain that a little bit? Yes, please. He testified that that was his misunderstanding. Is that correct? That he was not aware that this would cause it to be waived on direct appeal. His intent was to challenge it in a motion to strike for cause, and also he renewed it in a post-trial motion. At the evidentiary hearing, he said that he did not understand it was going to be waived. Our argument is that this case boils down to whether prejudice should be presumed because of the appearance of impropriety. If so... Well, going back to Justice Pope's point, though, how does that change the record before the court? You just have essentially it being a forfeited matter. He chose not to object to it, and then it rises the question of, is that an effective assistance? He objected by motion for cause. He did object by motion for cause. He did have peremptories left at that time, as this Court noted. This Court said that on direct appeal that he had acquiesced, affirmatively acquiesced, to the juror's service. And so now we know that it was not an affirmative strategic decision on his part. He did that because he made a mistake of law and did not understand that it was going to be waived, Your Honor. Did not understand by not using a not being out of peremptories that he would be waiving. Correct, Your Honor. Yes. Furthermore, there's also the ineffectiveness claim in this post-conviction petition, which is properly here on PC. Here, to get back to some of the potential problems that could happen from an influence on the other jurors, the jury deliberation room is a sacred place that we protect, and we can't know what goes on in there. It's possible that the laypeople, the non-trained jurors in there, could treat the husband, give him undue influence with his connection to the judge, in this case his wife, or treat him kind of like an agent of the judge, especially in an overnight trial that lasted several days. Hypothetically, if the jurors had admitted they gave him undue influence, it's highly unlikely that this error could have been corrected. Jurors cannot be impeached, and the reason we do that is because we separate the power of the juror, as a trier of fact, from the judge. And so this is a situation that comes with a high risk of impropriety actually happening. And in addition, there's a very low chance, because of the sacredness of the jury room, that if something wrong did happen, that it's going to be revealed. It'd be very hard to detect. And that's why, as a matter of law, this court should hold that it's per se reversible error when the trial judge allows her spouse to serve on the jury. Other situations would be, the husband could look unfavorably upon defense counsel when they're arguing heated motions. The husband may feel that he needs to rule in such, or render a verdict in such a way that would please his spouse, the judge. And the judge is also put in a situation where, potentially, she could have to investigate the misconduct of her own husband. It also puts defense counsel at a disadvantage, because defense counsel has to worry about all the things that are going on in trial. Now he also has to worry about stepping on the toes of the judge's spouse when the judge's spouse serves as a juror. Under Canon 3 of the Code of Judicial Conduct, it says that a judge shall disqualify herself in a proceeding in which her partiality might reasonably be questioned. This situation on its face raises questions of ethical concerns in the mind of a reasonable person, an ordinary person in the public. Further, Canon 3 also describes situations where a judge shall disqualify herself when her spouse is involved in the case. For example, when her spouse is a party in the lawsuit, when her spouse is a lawyer or a witness. And of course, this list is not exhaustive, and I think those situations, party, lawyer, witness, would be analogous to a trier of fact. Also, the public has an interest at large, and that's what the two out-of-state cases that have addressed this issue have said, in part, is that the public has an interest into the appearance of a fair trial. The issue here is the impartiality or partiality of the vehicle to send somebody to prison. The public has an interest that that even appears to be fair. This situation on its face raises questions. Mr. Jordan, I'm sure you're familiar with the opinion in the original case, and I think my dissent laid out all of the arguments you're making right now. I've cited two out-of-state cases, several, that found it was per se reversible error, but the majority did not accept my dissent. They ruled, you know, otherwise. So how can we get where you want us to get in this case? Well, in the due process claim, this court said, based on this record before it on direct appeal, that is no longer the record, because we know why he affirmatively acquiesced, because he made a mistake. Also, there's another claim here, the ineffectiveness claim, and that is properly brought here on the post-conviction petition, because this is exactly the kind of claim where you need to pierce the veil of privilege in an evidentiary hearing to understand what happened, why was a peremptory not used? If you're raising the question of ineffective assistance of counsel, as you are, are you required to show prejudice that, but for the judge's husband's presence on the jury, the defendant would not have been convicted of attempted murder? Right, and that's why this case boils down to, is this a per se reversible error? Because if it is, we're asking the prejudice would be presumed, and in that case, he would in fact have a biased jury. Per se reversible error on a claim of ineffective assistance? Yes, because if the question... How does that work? Because if the question is... Does the Strickland standard require a two-pronged analysis? Yes, it does, Your Honor. One of them is prejudice. Right. Well, go ahead. Counsel, aren't you asking us to find on the due process claim that it's per se reversible, and then we wouldn't get to the ineffective assistance claim? Yes. We're asking that the first claim you have to ask the question, is it per se reversible error? In the event this court... But also, the ineffectiveness claim, the per se reversible question is relevant there. And that's because in that question is embedded, should prejudice be presumed? Actual prejudice can't be shown in this case, because this is a situation where we'll most likely never be able to be proven. That's the high risk versus the low chance of detection. Therefore, if prejudice must be presumed in a situation like this, that means the presumption is that there was a biased juror. Well, then we have to weigh the... What is the overwhelming undisputed evidence in this case when assessing the claim that there was prejudice? If he had a biased juror, then he's entitled to a new trial. And if his counsel was responsible for a biased juror being on the jury, then that would be deficient performance, and it would also have prejudice because he was convicted before a biased juror, Your Honor. So that would be... That is why the per se reversible question is relevant to the Strickland claim. Also, just to last point out here, the appearance of impropriety is also great because the judge denied a motion to strike for cause of her own husband. She was essentially put in the position of saying whether or not her husband could be an impartial trier of fact. And that's just a void. Here we have new facts from the evidentiary hearing, which makes addressing this question of per se, whether it's per se reversible, proper. Do Your Honors have any other further questions? I don't see any at this time, counsel. You'll have additional time on rebuttal. Thank you, Your Honor. Thank you. Counsel, you may proceed. I think the court's already covered everything I intended to cover. I'll just try to answer the court's questions. That's more expeditious. I'd like to hear your thoughts on the ineffective assistance of counsel claim, the prejudice prong. Well, specifically in answer to that question, Your Honor, I think I've set forth my brief from the defense and quotes from this court about the overwhelming state of evidence. It's occurred to me that the elephant in the room here is that, as I reread the record here, several stab wounds in what they called the black box, which is an imaginary, as the court already knows, it's an imaginary cube around the heart. There were several stab wounds there. So if this case were remanded for a new trial, I think nothing would stop the state's attorney from charging several counts of attempt murder. And on these facts, convicting defendant of all those counts and defendant would face at least discretionary stacked sentences. I don't know if the defendant's aware of that. What do you mean a stacked sentence? Well, I think need to protect others, the severity of the crime, et cetera, be discretionary with the court to impose consecutive sentences for each stab wound. Which is, I think, something that no one has addressed. But I look at this a little bit differently. At the third stage, it's their duty to make a substantial showing. And all they really did, Mr. Mason was the lawyer for defendant. They called two lawyers, Mr. Case and Mr. Gabor, who had not been present at any proceeding in the case, who had never talked to Mr. Connell, if I'm pronouncing that right, the defense lawyer, who never read any transcripts. Basically, what these two lawyers said was, if I personally made a challenge for cause and it was denied, I would use the preface. That's all they said. Gabor talked about the judge's twitches, the judge's intonations, the judge's tics, body language. I guess Mr. Gabor thinks there's some type of telepathic communication going on between the judge and her spouse based on tics and whatnot. My point is, this testimony was pretty poor. Mr. Mason did a pretty poor job of trying to show, to make a substantial showing, and he failed. The defendant testified. Counsel, let me ask you something else. If we were to find that there was a per se conflict, you know, there was appearance of impropriety as far as the judge's husband serving on the jury, then does the defendant have to establish prejudice on that second prong of the Strickland claim? Well, yes, not according to those out-of-state cases. But I'm glad you brought that up, Your Honor, because this presumes, this argument presumes that, and I don't know how to, bockneck is all I know. If that's there's cases, I think, out there that's open warfare between this judge and the State's Attorney's Office for 10 years. It's still going on. So the idea that she's pro-prosecution and somehow telepathically communicated this to her husband through twitches and tics and stuff, I think is ridiculous. He could just as well be the other one. It, well, my point is, at this third stage, it was their duty to make a substantial showing, and they failed. Mr. Majors, do you think trial judges should allow their spouses to serve? No, for all the reasons you listed, Your Honor. Of course not. Of course not. For all the reasons you listed. But, but all the, all the scenarios that, that you pointed out, which could easily happen, didn't happen. That's my point. It didn't happen. But in all of the out-of-state cases, there was no misconduct on the part of the relative of the trial judge, but the courts found it was per se a reversible error to allow a spouse or a mother to serve on a jury. Right, yeah. I, I, I think this Court's opinion, I'll call it Bowen's 1 if I can, Bowen's 1, this is Bowen's 3, is well, I mean, is very well written and sends a message to everybody in the State. This is not a good idea. Here's the things that can go wrong. But in this particular case, they did not go wrong. I think the message is out there. Any further questions? I don't see any, counsel. Thank you. Any rebuttal? May it please the Court. We're not insinuating that the judge was pro-prosecution, pro-prosecution in any sort of way. This is the appearance of impropriety itself. Also, did anything, counsel pointed out that nothing went wrong in this situation. But that's kind of the point. This situation, it'd be so hard to find out if something did go wrong. It'd be so hard to even know that or prove it or correct it. But the risk of something going wrong is really, really high in this situation for all the reasons that I had stated in my brief and in the opening part. This Court should address this issue because on direct appeal, this Court did not know why Mr. Connell had not used that last peremptory. Now this Court does, that he made a mistake of law. And if there are no further questions, we would ask that you And if it were strategic, then what? Why does that make any difference? But he made a mistake of law where it was a strategic decision he knew that he just decided he didn't want to do. He didn't make a decision as he was operating under misunderstanding of the waiver doctrine, Your Honor. Well, how does that matter? Why does that matter? Because this... How does that make something that would be so not reversible? The fact that he did not use a peremptory on direct appeal prevented this Court from addressing the per se reversible question. Well, we addressed it. This Court on direct appeal said... So how did he... So if he had used the peremptory challenge, then the issue might not have come up. If he had used the peremptory? How about if he had run out of peremptory challenges and said, gee, I want to use another one. Is that going to make some difference somehow? It's not even known if he would have been allowed to use a peremptory, especially based on the fact that the judge denied a motion for cause on her own husband. Also, if she was not on the jury, if the husband was not on the jury, if she would not have been there, then it wouldn't be a case of a biased jury. And then I would point to the Sellhausen case, which really addresses that, because in the Wisconsin Sellhausen case, the daughter-in-law in question as a juror actually didn't serve. And that's what the Supreme Court of Wisconsin was talking about, was that is this error because she actually didn't even serve. But in this case, she did serve. We're asking that prejudice would be presumed. If so, then we have a situation of a biased juror. Well, the prejudice would be presumed whether they objected or not, wouldn't it? Correct. So then the issue on the record doesn't make any difference with regard to our first decision. You keep citing, on this record, well, that was the only record we had before us. Right. Nothing later changed anything. Right. Your Honor, I respectfully disagree that the evidentiary hearing did change. This court really relied on the fact that he did not use a peremptory in this undirect appeal to reach its decision when it addressed plain error and actual prejudice. At the very end of its analysis, it said, we're not going to decide whether or not it's per se reversible based on this record. Well, now we know why that did not happen. It's because he was... Well, but your argument is, under all circumstances, it's always reversible error. We don't even have to look into, in this case, the overwhelming evidence, because the spouse could never be permitted to serve. Automatic, reversible error. And that was the context before us. Right. And... We reject it. Well, based on the record before, maybe it could have been assumed that he wanted the... He wanted... I suppose my question to be more clear is this. If it's automatic, reversible error under all circumstances and conditions, which is your argument, right? Correct, Your Honor. Then it makes no difference whether it was objected to or not. Are there reasons for not objecting to it or not even? Is that correct? Right. And this court stopped just short of addressing that question. Its very last sentence in the analysis, before it's parenthetical, that this situation was unusual. And we feel that now, with these facts, it is the proper time to address that question. You didn't respond to my earlier question about, are you asking us to disregard what is the overwhelming, uncontradicted evidence of guilt in this case? Your Honor, I'm asking you to find that this is a per se reversible error and that... Which would require that we disregard all that, wouldn't it? Yes, it would, Your Honor. Okay. I have no further time. Is there any other questions? Thank you, counsel. We'll take the matter under advisement and be in recess.